UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl Lynne Godbolt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:13-69-RMG |
| vs. ) | |
| ) | |
| Carolyn Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on April 25, 2014, recommending that the Commissioner's decision be reversed and remanded for the fact finder to review new and material information submitted to the Appeals Council in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). (Dkt. No. 29). The Commissioner filed objections to the Report and Recommendation. (Dkt. No. 31). As set forth more fully below, the Court adopts the Report and Recommendation of the Magistrate Judge. The decision of the Commissioner is reversed and remanded to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de*

-1-

*novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances, which substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is generally given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist in the area for which she gave an opinion. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2p, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record.

The Social Security Regulations do not require the Appeals Council to weigh the newly produced evidence expressly and to reconcile it with previously produced conflicting evidence before the ALJ. Rather, the regulations require only that the Appeals Council make a decision

whether to review the case. If the Appeals Council grants a request for review and issues its own decision on the merits, then it is required to make findings of fact and explain its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). If the Appeals Council chooses not to grant review, though, it is not required to "explain its rationale for denying review," and so there may be cases in which newly produced evidence is made part of the record for purposes of substantial evidence review but no fact finder has expressly assessed the newly produced evidence. *Id.* at 705-06.

As the Fourth Circuit explained in *Meyer*, this situation can present some difficulty for reviewing courts. To be sure, there are cases—"one-sided" cases in which the record provides an adequate explanation of the Commissioner's decision—where a reviewing court can determine whether substantial evidence supports the Commissioner's decision. *Id.* at 707. However, where "other record evidence credited by the ALJ conflicts with the new evidence," a reviewing court "simply cannot determine whether substantial evidence supports the ALJ's" decision. *Id.* In those cases, there is a need to remand the matter to the administrative agency so that a fact finder can "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* After all, "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff based her application for disability benefits primarily on her long history of significant psychiatric disorders, including multiple suicide attempts since April 2008, self-mutilation activities, and diagnoses of bipolar disorder, anxiety disorder, depression, and borderline personality disorder. Transcript of Record ("Tr.") at 264, 283, 367, 390, 413, 429,

489. Since 2008, Dr. James E. Jenkins, M.D., a board-certified psychiatrist, was Plaintiff's primary treater, seeing her for more than thirty office visits between 2008 and 2011. Dr. Jenkins' office records primarily document frequent medication adjustments (with heavy doses of various psychiatric medications) but generally contain either no or extremely cryptic clinical notes. Tr. 307-11, 314, 432-35, 466-67, 495-501. Dr. Jenkins' office records contain no narrative explanation of Plaintiff's condition, current stressors, or ability to function.

In the administrative hearing before the Administrative Law Judge ("ALJ") on June 3, 2011, the ALJ was understandably critical of Dr. Jenkins' scantily documented office notes, observing the notes were a "very serious problem" for Plaintiff's claim of disability because there may be "missing things . . . that might change everything." Tr. 50. Thereafter, Dr. Jenkins submitted a letter on June 8, 2011, that documented that he had treated Plaintiff for bipolar disorder and PTSD with various medications and she "still cannot function." Tr. 503. He referenced problems with her getting out of bed, daily hygiene, and safely operating kitchen appliances. *Id.* He further noted that she had been unable to work since 2009 because of her psychiatric condition, which included "profound depression." *Id.*

The ALJ gave "little weight" to Dr. Jenkins' opinions, noting the "sparse" documentation and what "appears that he uncritically accepted as true most, if not all, of what the claimant reported." Tr. 23. Instead, the ALJ gave "significant weight" to a one-time examination by another board-certified psychiatrist, Dr. John Custer, conducted in December 2009 that predicted that with "continued treatment it is probable that her symptoms will stabilize." Tr. 442-43.[1]

---

[1] Since Dr. Custer's examination, Plaintiff has required numerous medication adjustments and was admitted to the Medical University of South Carolina Hospital in late December 2010 for self-mutilation activities that required twenty stitches. Tr. 321, 489, 495-501.

The ALJ also gave "moderate weight" to various reports provided by chart reviewers who have never provided treatment to Plaintiff or conducted any examination of her. Tr. 22, 338-54, 447-62, 470-85. These chart reviewers generally concluded that Plaintiff's psychiatric condition did not create any marked impairments.

Following the ALJ's decision finding Plaintiff not disabled under the Social Security Act, Plaintiff sought review before the Appeals Council. Plaintiff submitted to the Appeals Council a new letter from Dr. Jenkins dated October 10, 2011, that contained additional information concerning Plaintiff's psychiatric condition. This included statements that (1) Plaintiff has "mixed episodes of manic and depression that are difficult to control with medication"; (2) Plaintiff has "frequent periods of instability that include[] suicidal and homicidal ideations" and requires "medication interventions frequently at these times"; and (3) Plaintiff has "intrusive thoughts about harming herself on a daily basis." Tr. 516. The Court finds these statements contain, in whole or in part, new and material information concerning Dr. Jenkins' opinions regarding Plaintiff's condition.

The Appeals Council added Dr. Jenkins' October 10, 2011 letter to the record and then denied review of the ALJ's decision denying Plaintiff disability benefits. Tr. 1-4. In making that decision, neither the Appeals Council nor any other fact finder weighed the opinions of Dr. Jenkins contained in the newly submitted letter or attempted to reconcile them with the supporting and conflicting opinions in the record credited or discredited by the ALJ.

The Magistrate Judge correctly set forth the legal standard for this Court to follow in a situation where new and material evidence was submitted to the Appeals Council that conflicted with evidence relied upon by the ALJ and the Appeals Council had not weighed the new

evidence or reconciled it with the supporting and conflicting evidence in the record. As the Fourth Circuit made clear in *Meyer*, the proper action of the District Court is to remand the matter to the Commissioner for the fact finder to make appropriate findings and to "reconcile that evidence with the conflicting and supporting evidence in the record." 662 F.3d at 707. The Court finds the Commissioner's narrow construction of the *Meyer* decision inconsistent with the plain language of the opinion.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge as the order of this Court, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

June 3, 2014
Charleston, South Carolina